UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LENTONE JONES (#558299)                             CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                               NO. 16-0462-JJB-EWD

RULING

On July 16, 2016, the *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, against prison employees and state officials, complaining that he has been provided with inadequate medical attention at LSP for his mental illness and/or mental impairment. In addition, the plaintiff complains that he was placed in four-point restraints on two occasions in June, 2016, once for a single day and once for two days, and during each time was not allowed an opportunity to use the restroom and was not examined by mental health professionals regarding his mental state. Finally, the plaintiff complains that prison officials took and destroyed some of his legal work in retaliation for the plaintiff's requests for medical care.

Pursuant to Order dated September 9, 2016 (R. Doc. 6), the Court granted the plaintiff's motion to proceed *in forma pauperis* in this case (R. Doc. 3) and ordered the plaintiff to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $ 6.13, "or this action shall be dismissed" Despite notification of the need to pay the initial partial filing fee, the plaintiff failed to comply with the Court's Order and, instead, submitted a supplemental motion to proceed *in forma pauperis* (R. Doc. 7), wherein he asserted that prison officials had falsified and/or miscalculated the six-month balances in his prison accounts and that he was unable to pay the

initial fee. Accordingly, in order to evaluate the validity of these assertions, the Court entered a second Order on October 21, 2016 (R. Doc. 8), directing the plaintiff to file with the Court, within twenty-one (21) days, copies of his inmate account transaction statements showing the daily account activity in his inmate drawing, savings and reserve accounts for the period beginning six-months prior to the filing of his Complaint through the date of the Order, including deposits into, withdrawals from, and balances in these accounts. The Court advised the plaintiff that if he failed to submit the requested information or if the Court was able to determine from the plaintiff's records that the calculation of the initial partial filing fee was correct and that he had failed to make the required payment despite having funds deposited in his inmate accounts sufficient to do so, the plaintiff's action would be dismissed, without further notice, for failure to pay the Court's initial partial filing fee.

The plaintiff has again failed to respond to the Court's Order as directed. Instead, the plaintiff has filed a third motion to proceed *in forma pauperis* herein (R. Doc. 9), and he asserts that he is unable to provide the requested documentation without a Court Order because he is confined in a cell and "is not in the position where he could just get up and go to the prison inmate banking department and request for the relevant documents." The Court concludes, however, that this reason provided by the plaintiff for non-compliance fails to provide sufficient justification for his failure to comply with the Court's Order and file with the Court, as directed, copies of the pertinent documentation. The Court deals with a substantial volume of prison litigation and routinely orders that inmates confined at LSP request and obtain from prison officials and file with the Court copies of their inmate accounting records. In the Court's considerable experience, inmates who make written requests to the inmate accounting office are routinely provided with their requested records. Accordingly, the plaintiff's conclusory and unsupported assertion that prison officials will not comply with his request for these records – without any assertion that he

has even made such a written request – fails to justify the plaintiff's complete failure to provide the Court with the information needed to evaluate and address the plaintiff's request to proceed as a pauper in this proceeding. In the absence of this information, and upon the plaintiff's failure to alternatively pay the Court's filing fee, the Court is unable to proceed in this case. Accordingly, the plaintiff's Complaint shall be dismissed, without prejudice, for his failure to pay the initial filing fee and failure to comply with the Court's orders. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 5th day of December, 2016.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE